```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

STANTON SCHERER and ANTHONY DIBIASE,:

                 Plaintiffs,       :    98 Civ. 3186 (DAB)

          - against -               :    MEMORANDUM AND ORDER

GAILDON MEDICAL SYSTEMS, et al.,    :

                 Defendants.        :

---------------------------------------x
```

McKENNA, D.J.,

The complaint in this action contained, inter alia, causes of action for breach of contract and for breach of fiduciary duty. The case was tried to a jury before Judge Batts in July of 2006. Judge Batts dismissed the claim for breach of fiduciary duty at the end of plaintiffs' case, pursuant to Fed. R. Civ. P. 50(a). The jury returned a verdict in favor of plaintiffs on the claim for breach of contract. Judge Batts dismissed the claim for breach of contract after trial, pursuant to id. 50(b), in a Memorandum & Order dated November 17, 2006. Plaintiffs appealed from Judge Batts' dismissal of the claim for breach of contract, but not from the dismissal of the claim for breach of fiduciary duty. The Court of Appeals reversed and remanded in a Summary Order dated July 16, 2008 (Mandate date December 19, 2008).

Plaintiffs, in a letter dated March 27, 2009, ask that they now be allowed to pursue not only the breach of contract

claim, but also the breach of fiduciary duty claim, at trial.[1] That application is denied. Plaintiffs have shown no binding authority that, in these circumstances, they can proceed with the long since dismissed claim for breach of fiduciary duty which they had the opportunity to, but did not, appeal. Nor is the Court persuaded that the Court of Appeals' Summary Order somehow allows this Court to vacate Judge Batts' dismissal of the breach of fiduciary duty claim.

Dated: April 30, 2009

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.

---

[1] The Court notes that the docket does not indicate that plaintiffs ever sought reconsideration by Judge Batts' of the dismissal of the breach of fiduciary duty claim, even after the Court of Appeals' mandate.