```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------x

STANTON SCHERER and ANTHONY DIBIASE,:

                Plaintiffs       :    98 Civ. 3186 (LMM)

       - against -                :    MEMORANDUM AND ORDER

PETER KANE,                       :

                Defendant.        :

--------------------------------------x
```

McKENNA, D.J.,

**1.**

       Defendant moves -- following a jury trial at which the jury found that he had breached (on May 18, 1994) an oral contract with plaintiffs, and awarded plaintiffs damages of $3,200,000 -- for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50, or, in the alternative, for a new trial, pursuant to id. 59.

       Plaintiffs move for the entry of judgment, pursuant to id. 58, for an award of interest, pursuant to N.Y.C.P.L.R. §§ 5001 and 5002, and for security for costs, pursuant to Local Civil Rule 54.2.

2.

This case was filed in 1998. Subject matter jurisdiction is premised on diversity, plaintiffs being alleged to be citizens of the State of New York, and defendant a citizen of Canada.[1]

A trial before Judge Batts resulted in a jury verdict in favor of plaintiffs against defendant in the sum of $5,145,000. Judge Batts granted defendant's motion for judgment as a matter of law under Fed. R. Civ. P. 50, and indicated that, had she not done so, she would have granted his motion for a new trial under id. 59. Scherer v. Kane, No. 98 Civ. 3186, 2006 WL 3375639 (S.D.N.Y. Nov. 17, 2006). The Court of Appeals vacated in part and affirmed in part. Scherer v. Kane, 284 Fed. Appx. 850 (2d Cir. 2008) (Summary Order). The Court of Appeals vacated the grant of the motion for judgment as a matter of law, concluding that "the evidence, taken in the light most favorable to the Plaintiffs, was not so insufficient that no reasonable juror could have found in the Plaintiffs' favor." Id. at 853 (citation omitted). The Court of Appeals affirmed the grant of a new trial, because it could not say, on the record, "that the district court's determination that the verdict was against the weight of the evidence was an abuse of discretion. . . ." Id. at 854 (citation omitted).

---

[1] The several other defendants, dismissed from the case prior to trial, were alleged to be entities organized under the laws of and with their principal places of business in Canada.

**3.**

The case was retried before the undersigned.

Briefly, the evidence shows that in or about 1987 plaintiffs and defendant entered into an oral agreement that they would develop a business which was to be sold, one-half of the proceeds to go to defendant, the other half to the plaintiffs.

On May 18, 1994, Gaildon Medical Systems, Inc. ("Gaildon"), a company owned solely by defendant, entered into an agreement with MH Health Care Publications, a partnership between Maclean Hunter Publishing Limited and Maclean Hunter Limited ("Maclean"), pursuant to which Gaildon sold to Maclean certain specified assets for $1 and a right to receive 10% royalties on future sales on the part of the business formerly carried by Gaildon. In January of 2000, Rogers Publishing Limited ("Rogers"), Maclean's successor, entered into an agreement with Gaildon pursuant to which Gaildon's right to receive further future royalties was terminated for a lump sum payment of $7,500,000. (See Def. Rules 50 & 59 Mem. at 4.)  "Payment of the agreed-upon sum by Rogers was made one-half to Gaildon and one-half to [Med-Fax International B.V. ("MFI")], because Gaildon had previously agreed to remit to MFI one-half of any royalties it received."  (Id. at 4-5 (citations omitted).)

**4.**

> Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor. In deciding such a motion, the court must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence.

Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998) (citations omitted).

Plaintiffs argue that, under the mandate of the Court of Appeals' decision vacating that part of Judge Batts' decision that granted defendant's motion for judgment as a matter of law, this Court must come to the same conclusion as the Court of Appeals, because the evidence presented in the trial before the undersigned and that presented in the trial before Judge Batts was substantially identical. See Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 788 (2d Cir. 1983) "[I]f, in Doe I, we decided that there was sufficient evidence to present a jury question on liability under section 1983, that holding would be binding on the lower court [in a second trial]."  (Footnote omitted.)  In the present case, the Court of Appeals stated, of the evidence at the first trial, that:

> The jury was entitled to find that there was an oral contract entered into by Kane, Scherer and DiBiase.  In particular, the jury was entitled to find Scherer's testimony as to the existence of the contract credible, and to credit the corroborative

> evidence introduced by the Plaintiffs that supported their claim that Kane reiterated his promises over the years. This corroborative evidence included Kane's February 14, 1994 letter to Scherer stating that Gaildon would "share on an equal basis" the proceeds of the sale to MacLean Hunter. Additionally, Kane himself testified to plans to share 50% of the proceeds of the MacLean deal with the Plaintiffs, and the jury was entitled to conclude that this equal sharing of the proceeds was based on the alleged prior agreement and was not simply gratuitous. The jury was also entitled not to credit Kane's testimony that the plan was abandoned in 1994 when Kane executed the deal with MacLean Hunter.
>
> *   *   *
>
> There was also sufficient evidence for a reasonable jury to conclude that Kane was the beneficiary of $10.29 million and that the Plaintiffs were entitled to half of those funds. Kane testified that he had authority to direct MacLean Hunter as to how the funds should be paid.

Scherer, 284 Fed. Appx. at 853. Defendant argues that this case must be distinguished from Doe because, here, Judge Batts also indicated that a new trial was warranted, a conclusion that the Court of Appeals affirmed. This Court agrees that application here of the mandate argument would result in denial of defendant's motion for judgment as a matter of law, but does not reach the mandate argument because it is not necessary to do so.

This Court finds that the evidence presented in the second trial, taken in the light most favorable to plaintiffs, established the elements of plaintiffs' breach of contract claim and supports the damage award, and that such evidence cannot be

5

said to have been insufficient to permit a reasonable juror to have found as it did in plaintiffs' favor.

Defendant sets forth four specific respects in which, he contends, plaintiffs failed to present sufficient evidence:

> Here, there was no evidence on which a reasonable juror could have based a verdict finding (a) that there was an oral agreement between plaintiffs and defendant Peter Kane pursuant to which Kane agreed, <u>individually</u>, to share with plaintiffs on a 50/50 basis the sale of the Medi-Fax-related business assets, (b) that Kane <u>personally</u> breached such an agreement, (c) that the breach occurred on May 18, 1994, and (d) that Kane is liable to plaintiffs for damages in the amount of $3.2 million.

(Def. Rules 50 & 59 Mem. at 9-10 (citations omitted).)

As to the argument that there was no evidence that defendant <u>personally</u> entered into the alleged oral agreement, the fact is that there is testimony that he did so. (Tr. at 39-44, 205-06.) Defendant argues that defendant spoke with plaintiffs on behalf of MFI, a Dutch company owned by Palmerton Corporation, 25% of which was owned by defendant, and that he had no authority to act on MFI's behalf. (Def. Rules 50 & 59 Mem. at 10.) However, there is no convincing reason, of record or inherent, why an individual person, as such, cannot enter into an agreement involving future activities of a company in which he has an ownership interest, or over which he may have influence.

The same must also be said of the argument that defendant did not <u>personally</u> sell assets to Maclean, but that, rather, Medical Education Network, Inc. ("MEN-US") and Gaildon did so.

6

(Id. at 12-13.)  The jury could reasonably have found that defendant caused that transaction to happen.

Nor is the argument persuasive that there was "no basis whatsoever for the jury's finding that a breach of contract occurred on May 18, 1994.  There was no evidence that any money was paid by MacLean Hunter on that date -- to either Kane or Gaildon."  (Id. at 13.)  The jury could reasonably have found that, as a result of the May 18, 1994 transaction, defendant obtained a right to royalties (which had totalled $2,790,000 by the year 2000) and was able to obtain a lump sum payment (of which he received $3,750,000) for the surrender of the right to royalties.  (See Tr. at 398.)  And the jury could reasonably have found that defendant breached the oral agreement with plaintiffs by not sharing those proceeds with plaintiffs.

Finally, the argument is also not persuasive that there is no evidentiary basis for the amount awarded by the jury.  There is no authority or reasoning that prevents payments to Gaildon, owned entirely by defendant, being attributed to plaintiff who caused the payments to be made to Gaildon.  The total amount awarded equaled about half of the $2,790,000 in royalties and the $3,750,000 obtained by Gaildon for releasing the right to royalties.  A jury is not required to be more mathematically exact than the jury in this case was.

Defendant's motion for judgment as a matter of law is denied.

**5.**

"[F]or a district court to order a new trial under Rule 59(a), it must conclude that '"the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice,"' i.e., it must view the jury's verdict as 'against the weight of the evidence.'" Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (quoting DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992))). "The decision whether to grant a new trial on the ground that the verdict was against the weight of the evidence 'is committed to the sound discretion of the district court.'" U.S. E. Telecomms., Inc. v. U.S. W. Telecomms. Servs., Inc., 38 F.3d 1289, 1301 (2d Cir. 1994) (quoting Metromedia Co. v. Fugazy, 983 F.2d 350, 363 (2d Cir. 1992)).

This Court finds no reason to disturb the jury's verdict.

**6.**

Plaintiffs are entitled to the entry of judgment in their favor against defendant in the amount of the verdict.

"In a diversity case, state law governs the award of prejudgment interest." Schipani v. McLeod, 541 F.3d 158, 164 (2d

Cir. 2008) (citation omitted).  New York law[2] requires that plaintiffs have prejudgment interest until the date of final judgment.  Id.  New York law provides that:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred.  Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y.C.P.L.R. § 5001(b).  "Accordingly, where damages are incurred at various times after the cause of action accrues, section 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest."  Conway v. Icahn & Co., Inc., 16 F.3d 504, 512 (2d Cir. 1994) (citation omitted).  The rate of interest is 9%.  N.Y.C.P.L.R. § 5004.

After consideration of the parties' arguments, the Court agrees with the explanation of defendant (Def. Judgment Mem. at 2, n.1) as to how the $3,200,000 verdict is to be apportioned between royalty and lump sum payments.  From that as a starting point, the Court concludes that the appropriate manner of computing interest (under New York's 9% rate) is to compute interest on $1,395,000 (half of the royalties) from the "reasonable intermediate date," N.Y.C.P.L.R. § 5001(b), of April 1, 1997 (see Def. Judgment Mem. at

---

[2] There is no suggestion on either side that any law other than that of New York applies.

6 & n.3), to the date of entry of judgment, and to compute interest on the balance of the verdict, $1,805,000, from the date of the lump sum payment, January 4, 2000, to the date of entry of judgment.

The Court has not been made aware of facts which would lead it to require defendant to post security for costs, and the application that he do so is denied.

\* \* \*

For the foregoing reasons, defendant's motion for judgment as a matter of law, or, in the alternative, for a new trial is denied; plaintiffs' motion for an order requiring defendant to post security for costs is denied; and plaintiffs' motion for the entry of judgment is granted.

Plaintiffs may have judgment against defendant in the sum of $3,200,000, with interest (to be calculated by the Clerk), at 9% per annum, (i) on $1,395,000 from April 1, 1997 to the date of entry of judgment, and (ii) on $1,805,000 from January 4, 2000 to the date of entry of judgment, plus costs.

SO ORDERED.

Dated: September *17*, 2009

_____
Lawrence M. McKenna
U.S.D.J.